UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILBUR SCOTT, JR,**

        Petitioner,

v.                                                            Civil Action No. 2:15-cv-333

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Wilbur Scott, Jr.'s ("Scott") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, ECF No. 1, and the Respondent's Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"), ECF No. 7. The Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. In making this recommendation, the undersigned notes that Scott is not precluded from requesting permission to file a second § 2255 petition in the sentencing court.

## I. FACTUAL AND PROCEDURAL BACKROUND

On May 16, 2005, Scott pled guilty in the Eastern District of North Carolina to knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Ordinarily, the maximum sentence for a § 922(g)(1) conviction is ten years unless the defendant's criminal history subjects him to a sentencing enhancement. *Compare* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years."), *with* § 924(e)(1) (explaining that with an enhancement "such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)"). Due to Scott's prior convictions, on November 15, 2005, Scott was sentenced under the enhancement to fifteen years (180 months) of imprisonment. Scott appealed the district court's decision to the Fourth Circuit, arguing, among others, that the facts were insufficient to determine his status as an Armed Career Criminal. Notice of Appeal, *Scott v. North Carolina*, No. 7:05-CR-021 (E.D.N.C. Nov. 22, 2015). The Fourth Circuit affirmed the district court's sentence. *Scott v. North Carolina*, No. 7:05-CR-021 (4th Cir. Oct. 5, 2006).

According to the instant Petition, Scott previously filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255 in the Eastern District of North Carolina. ECF No. 1 at 2. On July 20, 2015, Scott filed the instant Petition. *Id.* at 1. Scott asserted one ground for relief—that he is factually innocent based on *Johnson v. United States*, 135 S.Ct. 2551 (2015).[1] *Id.* at 3.

---

[1] In *Johnson*, the defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and received an "enhancement" as to his sentence because he had three prior convictions for "violent felonies." 135 S. Ct. at 2553-54. This enhancement then increased his sentence from a maximum of ten years to a minimum of fifteen years. *Id.* at 2555. The ACCA defines a "violent felony" as one that (i) has as an element the use, attempted

2

²  On January 11, 2016, the United States Attorney for the Eastern District of Virginia, on behalf of the Respondent, filed a Motion to Dismiss and a *Roseboro* notice. ECF Nos. 7-8. Scott did not file a response, and the time do so has expired. Accordingly, the Motion to Dismiss is ripe for recommended disposition.

## II. DISCUSSION

### A. This Court Lacks Jurisdiction to Consider Scott's Remedy under § 2241.

Before evaluating the merits of Scott's claim under *Johnson*, this Court must ascertain whether it has jurisdiction over those claims. Section 2241 petitions "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). Proceeding under section 2241 is limited and a federal inmate must first demonstrate that the remedy afforded by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *United States v. Poole*, 531 F.3d 263, 269 (4th

---

use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added). The italicized portion is referred to as the "residual clause." The *Johnson* Court held the residual clause unconstitutionally vague because it "leaves grave uncertainty about how to estimate the risk posed by a crime . . . [and] leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557-58.

² Though Scott listed his only ground for relief in his Petition was under *Johnson*, ECF No. 1 at 3, he argued in his attached memorandum that *United States v. Bacote*, 189 F. App'x 191 (4th Cir. 2006) entitled him to relief because his sentence as an Armed Career Criminal would not have been possible without his prior conviction for breaking and entering, which *Bacote* held "is not one of the offenses enumerated in the U.S. Sentencing Guidelines Manual. . . ." *Id.* at 12. Respondent addressed this argument and conceded, "[i]t is not clear from the record that the sentencing court necessarily relied on the breaking-and-entering conviction in concluding that [Scott] qualified for an ACCA-enhanced sentence," but noted that the sentencing court could have also relied on Scott's prior convictions for "felonious escape, common law robbery, burglary, and assault with a deadly weapon inflicting serious bodily injury." ECF No. 7 at 6. Respondent then further submitted that Scott's argument under *Bacote* should as well be considered pursuant to a § 2255 petition. *Id.* This Court agrees. *See United States v. Adams*, No. 13-7107 (4th Cir. 2016).

3

Cir. 2008) (citing *In re Jones*, 226 F.3d at 333 ("Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence. When § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,' § 2255(e), however, a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241."). A section 2255 petition is inadequate and ineffective when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34 (referring to the above as the "savings clause"). "This test was formulated expressly to provide a remedy for the 'fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress.'" *Ray-Johnson*, 2016 WL 521512, at *3 (citing *In re Jones*, 226 F.3d at 333 n.3). Furthermore, the Fourth Circuit declined to extend the reach of section 2255's savings clause, confining it "to instances of actual innocence of the underlying offense of conviction." *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Scott's claim does not fit within the limited test applicable to the savings clause. As Respondent noted in the Motion to Dismiss, Scott's challenge to his sentence is "based on constitutional rules [that] can satisfy the gatekeeping provisions of section 2255." ECF No. 7 at 6. Scott must demonstrate that his claim is based on a new rule of constitutional law that would apply retroactively. "[A] new rule of constitutional law has been made retroactive to cases on collateral review by the Supreme Court within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or

by applying the rule in a collateral proceeding." *In re Vial*, 115 F.3d 1192, 1197 (4th Cir. 1997) (internal quotations omitted). The Supreme Court has yet to indicate whether *Johnson* applies retroactively, but, even if *Johnson* does apply retroactively, Scott still failed to satisfy the gatekeeping provisions of § 2255 in order to seek relief under § 2241. The Fourth Circuit delineated this issue of relief in *Rice v. Rivera*:

> [A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

617 F.3d 802, 807 (4th Cir. 2010); *see also Turner v. Wilson*, No. 2:14CV597, 2015 WL 6693079, at *5 (E.D. Va. Oct. 28, 2015) (explaining that "even if the court were to conclude that [the petitioner's] new argument had merit, it would still lack jurisdiction to consider it because [the petitioner's] remedy under § 2255 has not been shown to be inadequate or ineffective"). Based on the *In re Jones* test, Scott failed to establish that a § 2255 petition was an inadequate or ineffective remedy. Therefore, Scott's proper path for relief is to file a § 2255 petition.

**B. Filing a Section 2255 Petition.**

The instant Petition was filed pursuant to § 2241, not § 2255. Scott should have sought relief under § 2255. This Court cannot, however, re-characterize the Petition. *See Turner*, 2015 WL 6693079, at *5; *Parker v. Andrews*, No. 5:14-HC-2149-D, 2015 WL 6759499, at *1 (E.D.N.C. Sept. 28, 2015) *report and recommendation adopted,* No. 5:14-HC-2149-D, 2015 WL 6816727 (E.D.N.C. Nov. 5, 2015) ("[T]he court cannot convert Parker's § 2241 petition into a § 2255 motion because he has previously collaterally attacked his conviction and has not received permission from the Fourth Circuit Court of Appeals to bring a successive habeas challenge.").

The Court notes that Scott may have already filed a § 2255 petition in the Eastern District of North Carolina before the *Johnson* decision. ECF No. 1 at 2. Ordinarily, a petitioner cannot file a second or successive habeas petition challenging the same conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and defining second or successive petitions). However, Scott may be able to file a second § 2255 petition if he receives proper certification from the Circuit Court of Appeals in the District that sentenced him:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Therefore, if Scott previously filed a § 2255 petition, he must first obtain certification to file a second or successive motion from the Fourth Circuit and must meet the requirements of either (1) or (2) above. *See Gregory*, 2015 WL 7571819, at *4 ("Because no such certification has been granted, this petition must be dismissed, without prejudice to petitioner's ability to apply for § 2244 certification to the Fourth Circuit Court of Appeals.").

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. Scott is **ADVISED** that the proper path for relief is to file a § 2255 Petition in the court that sentenced him—in this case, the United States District Court for the Eastern District of North Carolina—

and he is **FURTHER ADVISED** that he must first seek permission from the Fourth Circuit to file a second or successive § 2255 petition.[3]

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

---

[3] Attached to this Report and Recommendation is the form in which Scott must use to request permission to file a second or successive § 2255 habeas petition. *See* Attach. 1. Because Scott is challenging the constitutionality of his sentence based on *Johnson*, he must seek relief under § 2255 within one year of the date of the Supreme Court's decision in *Johnson*. 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Further, while the proper venue for a § 2241 petition is the district in which the petitioner is in custody, *see* 28 U.S.C. § 2241(a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) ("A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined."), the proper venue for a § 2255 petition is in the sentencing court, *see* 28 U.S.C. § 2255(e); *In re Jones*, 226 F.3d at 332-33. Thus, though Scott is presently in custody at the Petersburg Federal Correctional Complex located in Petersburg, Virginia, in the Eastern District of Virginia, ECF No. 1 at 1, he must file his § 2255 petition in the Eastern District of North Carolina, the court that sentenced him.

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation and Attachment 1 to the *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 24, 2016