UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| WILBUR SCOTT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-333 |
| ) | |
| ERIC D. WILSON, Warden, ) | |
| ) | |
| Respondent. ) | |

## FINAL ORDER

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. In his Petition, the pro se Petitioner claimed that he is factually innocent based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (June 26, 2015). On January 11, 2016, the United States Attorney for the Eastern District of Virginia, on behalf of the Respondent, filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 7. This case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72 for a report and recommendation. The Report and Recommendation was filed on February 24, 2016, and the Magistrate Judge recommended the Petition be dismissed without prejudice for lack of jurisdiction. ECF No. 9. By receiving a

copy of the Report and Recommendation, the parties were advised of their right to file written objections to the Magistrate Judge's findings and recommendations. <u>Id.</u> at 7. Neither party filed an objection.

The Court, having reviewed the record with no objections, agrees with the Report and Recommendation on the grounds stated by the Magistrate Judge and **ADOPTS** and **APPROVES** the Magistrate Judge's Report and Recommendation filed on February 24, 2016, ECF No. 9, in its entirety as the Court's own opinion. It is, therefore, **ORDERED** that the Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** and **PETITIONER IS ADVISED** that his claim for relief under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) does apply retroactively, see <u>Welch v. United States</u>, No. 15-6418, __ U.S.__ (April 18, 2016) (slip op.) (holding that the Court's decision in <u>Johnson</u> was a new substantive rule of law that applies retroactively in cases on collateral review), and that Petitioner therefore must file a § 2255 petition in the district in which he was sentenced, delineating his prayer for relief pursuant to <u>Johnson</u> before the one year statute of limitations expires on June 26, 2016. <u>See</u> 28 U.S.C. § 2255(f)(3). Further, because this may be a successive habeas petition, Petitioner must still also seek a certificate of appealability from the Fourth Circuit (attached).

The Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of the Court at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty days from the date of entry of judgment. Because the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), pursuant to Federal Rule of Appellate Procedure 22(b), this Court declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner and counsel of record for the Respondent.

It is so **ORDERED**.

/s/ MSD
Mark S. Davis
**United States District Judge**

Mark S. Davis
United States District Judge

Norfolk, Virginia
Date: April 21, 2016